T.C. Memo. 2012-66

UNITED STATES TAX COURT

ALLEN PARKER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3743-10.                         Filed March 12, 2012.

Allen Parker, pro se.

<u>John D. Davis</u>, for respondent.

MEMORANDUM OPINION

THORNTON, <u>Judge</u>:  Respondent determined a $3,340 deficiency in

petitioner's 2007 Federal income tax, additions to tax of $752 and $301 under

section 6651(a)(1) and (2), respectively, and an accuracy-related penalty of $668 under section 6662(a).[1]  After concessions, the issues for decision are whether petitioner is liable for an increased deficiency and a section 6651(a)(1) addition to tax.[2]  When he petitioned the court, petitioner resided in Oregon.

Background

During 2007 petitioner worked as a seafarer on various ships.  On or about October 9, 2008, he submitted to the Internal Revenue Service (IRS), with respect to his 2007 tax year, a Form 1040, U.S. Individual Income Tax Return, on which he listed "0000" for all income items.  On this document he claimed head of household filing status and also claimed a $7,300 standard deduction, a $3,200 personal exemption, and $5,816 in tax withholdings, resulting in a claimed refund of $5,816.  Attached to this document were Forms W-2, Wage and Tax Statement, showing wages of  $13,124 from Armada Cos., Inc. (Armada), wages of $9,838 from Horizon Lines Vessels, LLC (Horizon), and wages of $11,101 from Interocean American Shipping Corp. (Interocean).  Also attached to the Form 1040 were self-

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All monetary amounts are rounded to the nearest dollar.

[2]Respondent concedes the sec. 6651(a)(2) addition to tax and the sec. 6662(a) accuracy-related penalty.

generated Forms 4852, Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distributions From Pension, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., on which petitioner purported to correct the Forms W-2 attached to his return by changing the wages reported on them to zero. On these Forms 4852 petitioner does not deny receiving the reported remuneration but with respect to each Form W-2 makes identical frivolous arguments, including the argument that "by definition my pay is not 'wages' " and therefore is not subject to Federal income tax.

In the notice of deficiency respondent determined that petitioner had unreported compensation from Horizon and Interocean as reported on the Forms W-2 attached to petitioner's Form 1040; the notice did not include any unreported income from Armada. The notice also determined, on the basis of third-party information reports data, that petitioner had received $8,775 of unreported wages from Seafarers Vacation Plan (Seafarers) and unemployment compensation of $560 from the Missouri Division of Employment Security, of $4,824 from the New Jersey Department of Labor, and of $5,336 from the Washington State Employment Security Department. In the notice respondent determined that petitioner's filing status was single and allowed him, as a negative adjustment to taxable income, "Exemptions" of $10,200.

The petition asserts only frivolous and groundless arguments. Respondent initially moved to dismiss the case for failure to state a claim upon which relief could be granted but subsequently requested that the Court deny this motion so that he might assert an increased deficiency. The Court denied without prejudice respondent's motion to dismiss. Respondent then filed his answer, asserting that petitioner's deficiency should be increased by $4,290 to $7,630 as the result of including in petitioner's income $13,124 from Armada as reported on the Form W-2 attached to petitioner's Form 1040 and reducing the exemptions allowed in the notice of deficiency--which the answer characterizes as representing three dependency exemptions--to one dependency exemption.

## Discussion

### I. Unreported Income

Gross income includes "all income from whatever source derived," including compensation for services. Sec. 61(a)(1). Gross income also includes unemployment compensation. Sec. 85(a). Respondent determined that petitioner received wages and unemployment compensation as reported to the IRS by third-party payers. Petitioner has not properly disputed these determinations. In his petition, contrary to Rule 34(b)(5), he makes no claims of factual error and instead makes frivolous and groundless arguments, principally that there is no basis for

imposing Federal income tax on the wages of private sector employees. Petitioner raised essentially identical arguments in a previous Tax Court case involving his 2006 tax year, at docket No. 17301-09. In an order dismissing that case for failure to state a claim upon which relief could be granted, we observed:

> Suffice it to say that petitioner, a resident of the State of Oregon, is a taxpayer subject to the Federal income tax who is obliged to file a Federal income tax return and pay Federal income tax on his income, specifically including wages, unemployment compensation, and interest. See secs. 1, 61(a), 85, 6012(a)(1), 7701(a)(1) and (14). See also United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981) ("Compensation for labor or services, paid in the form of wages or salary, has been universally held by the courts of this republic to be income, subject to the income tax laws currently applicable.").

These observations pertain equally to this case. We need not dignify petitioner's frivolous and groundless arguments with further discussion. See Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984); Heisey v. Commissioner, T.C. Memo. 2002-41, aff'd, 59 Fed. Appx. 233 (9th Cir. 2003).

In an attachment to his petition, petitioner requests, among other things, that the Court require respondent to meet his "burden of proof * * * to produce reasonable verification of those information returns on which Respondent has based

its claims for tax year 2007."[3]  But contrary to Rule 34(b)(5) he includes no statement of facts on which he relies in support of this request.

Section 6201(d) provides that if, in any court proceeding, a taxpayer fully cooperates with the Commissioner and raises a reasonable dispute with respect to an information return, the Commissioner has the burden of producing reasonable and probative evidence to verify the information return.  Respondent asserts that petitioner has not cooperated with requests for information.  Petitioner has not asserted otherwise and has offered no evidence in this regard.  Insofar as the record shows, petitioner did not bring any factual dispute over any item of income to the IRS' attention within a reasonable time as contemplated by section 6201(d) but instead raised frivolous legal arguments.  See McQuatters v. Commissioner, T.C. Memo. 1998-88.  Nor, with the exception discussed below relating to Armada, does petitioner claim to have made known any such dispute to the third parties who prepared the information returns.

At trial petitioner sought for the first time to raise factual disputes about the information reports upon which respondent's determinations are based.  His

---

[3]The petition also invokes a number of other Code sections that are not germane to this proceeding; e.g., sec. 6330, which pertains to collection proceedings; sec. 6703(a), relating to penalties under secs. 6700, 6701, and 6702 that are not at issue in this proceeding; and sec. 6511(a), relating to the period of limitation on filing refund claims.

testimony in this regard was vague, evasive, and noncredible.  He testified generally that he was uncertain or could not remember whether he had received the amounts reported on most of the information returns and suggested, without any corroborating evidence, that the unemployment compensation he received from the Missouri Department of Labor had been "refunded".  Petitioner proffered a letter that he had allegedly written to Armada, complaining of discrepancies in his 2007 pay.  But the thrust of that letter, like his testimony that Armada "shorted me $3 thousand", seems to be that Armada actually <u>understated</u> petitioner's 2007 wages.  Finally, in response to a question on cross-examination petitioner stated that he did not "work for Seafarers" in 2007, which in the light of other statements he made at trial, seems to be a dodge based on his insistence that "Seafarers is not a ship.  They don't operate any ships", but is instead a union-affiliated benefits program.  Ultimately, it appears to us that petitioner's testimony about Seafarers and the other third-party payers fits his pattern of evasiveness and connivance about items of income reported on information returns, consistent with his "correcting" his wages to zero on his self-generated Forms 4852.  Petitioner has not raised a reasonable dispute about the Seafarers information return or any of the other information returns in question.

Because petitioner has failed to show that he cooperated with respondent and has failed to raise a reasonable dispute about the items of income on the information returns in question, we conclude that the provisions of section 6201(d) are inapplicable to shift the burden of production to respondent with respect to these items.

Absent the application of a special statutory provision such as section 6201(d), the Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving those determinations erroneous.[4] See Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Respondent bears the burden of proof with respect to the increased deficiency asserted in his answer. See Rule 142(a); Lane v. Commissioner, T.C. Memo. 1994-381, aff'd without published opinion, 70 F.3d 1276 (8th Cir. 1995).

In his pretrial memorandum and posttrial brief, as in his petition, petitioner raises only frivolous and groundless arguments. Moreover, his brief fails to set forth any objections to respondent's proposed findings of fact, which include detailed proposed findings as to the sources and amounts of petitioner's unreported income. We deem petitioner to have waived any objections to these proposed findings of

---

[4]Petitioner does not claim and has not established that the conditions of sec. 7491(a) have been met to shift the burden of proof to respondent with regard to any factual issue as to his tax liability.

fact. See Rule 151(e)(3) ("In an answering or reply brief, the party shall set forth any objections, together with the reasons therefor, to any proposed findings of any other party").

But even if we were to assume, for the sake of argument, that petitioner had not waived objections to respondent's proposed findings of fact, we would nevertheless conclude, for essentially the reasons previously discussed, that he has failed to show error in respondent's determinations in the notice of deficiency. The Forms W-2 that petitioner attached to his Form 1040, the official IRS transcripts that respondent has placed in evidence, and the testimony of respondent's Appeals officer provide an adequate evidentiary foundation as might be required to support respondent's determinations in the notice of deficiency regarding petitioner's unreported income. See Rapp v. Commissioner, 774 F.2d 932, 935 (9th Cir. 1985); Weimerskirch v. Commissioner, 596 F.2d 358, 360 (9th Cir. 1979), rev'g 67 T.C. 672 (1977). And the Form W-2 from Armada, combined with petitioner's testimony that the income reported on this Form W-2 (which he attached to his Form 1040) was actually understated, suffices to carry respondent's burden of proof that petitioner received at least $13,124 of wages from Armada in 2007.

In sum, we sustain respondent's determinations in the notice of deficiency as to the amounts and sources of petitioner's unreported income and also hold that he had $13,124 of additional taxable income from Armada.

## II. Exemptions

In the notice of deficiency respondent allowed petitioner a $10,200 negative adjustment to taxable income for "Exemptions". The notice of deficiency contains no other explanation for this item. In his answer respondent asserts that the notice of deficiency erroneously allowed petitioner three "dependency exemptions" totaling $10,200 and asserts further that petitioner is entitled to only one "dependency exemption", giving rise to an increased deficiency. The burden of proof is upon respondent as to this new matter. See Rule 142(a).

At trial respondent's counsel stated that petitioner was entitled to one personal exemption for himself and a dependency exemption for his daughter. On brief respondent asserts that his "correct position as set forth in respondent's answer is that petitioner may only claim one personal exemption and no exemptions for dependents." But this statement is inconsistent with respondent's answer, which states that petitioner is entitled to one "dependency exemption". We are left in

doubt as to what the "Exemptions" allowed in the notice of deficiency actually represent and what respondent's position is with respect to them.

Having seemingly conceded in his answer that petitioner is entitled to one "dependency exemption" without specifying to whom it relates, and having conceded at trial and on brief that petitioner is entitled to a personal exemption, and having failed to present any evidence as to the basis for the determination in the notice that petitioner is entitled to three "Exemptions", respondent has failed to carry his burden of proving that petitioner is not entitled to three "Exemptions" as allowed in the notice of deficiency.

III. Filing Status

In the notice of deficiency respondent calculated petitioner's taxes for a "single" filing status. Petitioner contends that he is entitled to "head of household" filing status.

To qualify as a head of a household, a taxpayer must be unmarried or treated as such under section 7703(b), which treats certain married individuals who live apart as unmarried. See sec. 2(b) and (c). Petitioner testified that he was married during 2007 and that his wife lived with him. Petitioner has failed to show that he is entitled to head of household filing status. If petitioner was married in 2007, as he

testified, he was not disadvantaged by the use of a "single" filing status rather than "married filing separately". See Clark v. Commissioner, T.C. Memo. 2007-172.

IV.  Section 6651(a)(1) Addition to Tax

The petition contains no specific allegations or supporting facts regarding the section 6651(a)(1) addition to tax, as determined in the notice of deficiency. Petitioner's frivolous and groundless arguments at trial and on brief similarly do not raise any legitimate issue or defense regarding this addition to tax.  We deem petitioner to have conceded the section 6651(a)(1) addition to tax as determined in the notice of deficiency and hold that respondent has no burden of production under section 7491(c) with respect to this addition to tax.[5]  See Funk v. Commissioner,

---

[5]Even if we were to assume, for the sake of argument, that petitioner had properly stated a claim with respect to the sec. 6651(a)(1) addition to tax, respondent has satisfied any burden of production under sec. 7491(c).  The Form 1040 that petitioner submitted, showing zeros for all income items, accompanied by self-generated Forms 4852 containing tax-protester rhetoric, did not contain "sufficient data to calculate tax liability" and did not constitute "an honest and reasonable attempt to satisfy the requirements of the tax law".  See Beard v. Commissioner, 82 T.C. 766, 777 (1984), aff'd per curiam, 793 F.2d 139 (6th Cir. 1986).  Consequently, petitioner did not file a return for purposes of sec. 6651.  See Oman v. Commissioner, T.C. Memo. 2010-276; Coulton v. Commissioner, T.C. Memo. 2005-199 (distinguishing United States v. Long, 618 F.2d 74 (9th Cir. 1980), which held that forms with all zeros constituted "returns" for purposes of criminal sanctions under sec. 7203 for willful failure to file).  For reasons discussed above, the evidence establishes that tax was required to be shown on petitioner's 2007 Federal income tax return.  Petitioner has asserted no credible argument and presented no facts that would establish reasonable cause as a defense to the sec.

(continued...)

123 T.C. 213, 217-218 (2004); <u>Swain v. Commissioner</u>, 118 T.C. 358, 363-365 (2002).  We conclude and hold that petitioner is liable for the section 6651(a)(1) addition to tax.

## V.  Section 6673 Penalty

Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty of up to $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in the proceedings is frivolous or groundless.

Petitioner has based his case on frivolous and groundless positions that are very similar to the positions he took in the case at docket No. 17301-09.  In the order dismissing that case for failure to state a claim on which relief could be granted, this Court stated:  "Petitioner is advised that if he returns to the Court in the future and raises arguments such as those in the instant case, he may find himself the recipient of a substantial penalty under section 6673(a)(1)."  Petitioner has chosen to ignore this warning, as well as additional warnings that this Court and respondent have given him in this proceeding.  Although he showed some willingness to discuss relevant factual issues at trial, after trial he reverted to his old ways, filing a

[5](...continued)
6651(a)(1) addition to tax.

frivolous and groundless motion for judgment and a posttrial brief consisting of nothing but frivolous and groundless arguments.  Petitioner has wasted this Court's and respondent's time and resources.  It appearing to the Court that petitioner's positions in this proceeding are frivolous and groundless and that he has instituted and maintained this proceeding primarily for delay, pursuant to section 6673(a)(1) we shall require petitioner to pay to the United States a penalty of $3,000.

To reflect the foregoing and to give effect to respondent's concessions,

<u>Decision will be entered under Rule 155</u>.