T.C. Memo. 2012-95

UNITED STATES TAX COURT

GALINA S. LUBYANITSKAYA AND PETRO V. LUBYANITSKIY, Petitioners
<u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18014-10.                    Filed March 28, 2012.

Galina S. Lubyanitskaya and Petro V. Lubyanitskiy, pro se.

<u>Michael W. Lloyd</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, <u>Judge</u>:  Respondent determined deficiencies in petitioners'

Federal income taxes of $8,080 and $2,071 for tax years 2007 and 2008,

respectively.  Respondent also determined a $1,616 accuracy-related penalty

pursuant to section 6662(a) for tax year 2007.  The issues for decision are:  (1)

whether petitioners are entitled to various deductions for 2007 and 2008 in excess of those respondent allowed, and (2) whether petitioners are liable for an accuracy-related penalty for tax year 2007.[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All monetary amounts have been rounded to the nearest dollar.

FINDINGS OF FACT

The parties have stipulated some facts, which we incorporate by this reference.  When they petitioned this Court, petitioners, husband and wife, resided in Washington State.

During 2007 and 2008 Mrs. Lubyanitskaya worked for Ajinomoto Frozen Foods USA, Inc. (Ajinomoto).  Mr. Lubyanitskiy operated a construction business with his brother, Pavel, under the name LPP Construction, LLC (LPP).  On its Form 1065, U.S. Return of Partnership Income, for tax year 2007, LPP listed $99,410 of total income and $83,175 of deductions, including items for automobile expense, taxes and licenses, meals and entertainment, interest, home office expense,telephone expense, tools, nails, Internet, and uniforms.  For 2007

_____

[1]Petitioners conceded that they received a $509 taxable refund from the State of Oregon in 2007.

Mr. Lubyanitskiy reported on Schedule C, Profit or Loss From Business, gross receipts or sales from LPP of $49,705 and claimed $34,094 of LPP's expenses and a home office expense of $7,979. As a result, $7,632 of Schedule C income was reported on petitioners' joint return. Petitioners also claimed on Schedule A, Itemized Deductions, among other deductions, an unreimbursed employee expense deduction of $7,210 attributable to 14,866 business miles allegedly driven.

In 2008 on Schedule E, Supplemental Income and Loss, petitioners' joint return listed $6,841 of income from LPP. In addition, on an attached Schedule C for a "LONG TERM CARE GIVER" business, petitioners claimed a deduction for $14,840 in car and truck expenses based on 27,816 business miles allegedly driven.

On May 14, 2010, respondent sent petitioners a notice of deficiency (notice) with respect to tax years 2007 and 2008. For 2007 the notice disallowed $27,882 of petitioners' claimed $42,073 of Schedule C deductions, resulting in the allowance of $14,191 of their claimed deductions as follows:

| 2007 Schedule C Deductions | Claimed | Allowed |
| --- | --- | --- |
| Car and truck expenses | $8,900 | -0- |
| Insurance | 2,324 | $2,324 |
| Interest | 600 | 600 |

| | | |
|---|---|---|
| Office expense | 1,047 | 1,047 |
| Taxes and licenses | 1,421 | 1,421 |
| Meals and entertainment | 6,500 | -0- |
| Other expenses | 13,302 | 4,869 |
| Home office deduction | 7,979 | 3,930 |
| Total | 42,073 | 14,191 |

The notice also disallowed the $7,210 Schedule A itemized deduction that petitioners claimed for unreimbursed employee expenses for 2007 and disallowed the $14,840 Schedule C deduction that petitioners claimed for car and truck expenses for 2008. Respondent also imposed an accuracy-related penalty under section 6662(a) for 2007.

Petitioners timely petitioned the Court. At trial, at petitioners' request, the Court provided them with a Ukrainian-English interpreter.

OPINION

I. Deductions

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden to prove that the determinations are in error.[2] Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and a taxpayer must prove entitlement

_____

[2] Petitioners have not claimed or shown that they meet the requirements under sec. 7491(a) to shift the burden of proof to respondent as to any factual issue relating to their tax liability.

to claimed deductions.  Rule 142(a)(1); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  Taxpayers must keep sufficient records to substantiate any deductions claimed.  Sec. 6001.  If a taxpayer establishes a deductible expense but is unable to substantiate the precise amount, the Court generally may approximate the deductible amount, but only if the taxpayer presents sufficient evidence to establish a rational basis for making the estimate.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

In the case of expenses paid or incurred with respect to listed property, e.g., passenger automobiles or other property used as a means of transportation, section 274(d) overrides the Cohan doctrine and provides that these expenses are deductible only if the taxpayer meets stringent substantiation requirements.  Secs. 274(d), 280F(d)(4); see Lewis v. Commissioner, 560 F.2d 973, 977 (9th Cir. 1977), rev'g on other grounds T.C. Memo. 1974-59; Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), aff'd, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Petitioners presented no evidence to establish that they are entitled to deduct expenses in amounts greater than respondent has allowed.  Petitioners offered no receipts or testimony to substantiate their claimed deductions and have provided no

basis on which we might estimate those claimed expenses that are not subject to the stricter substantiation requirements of section 274(d).  See Cohan v. Commissioner, 39 F.2d at 543-544.  Instead of attempting to substantiate their deductions, petitioners argue that Mr. Lubyanitskiy's income from LPP was erroneously double counted in determining petitioners' taxable income.  Petitioners, however, presented no credible evidence in this regard.  The record convinces us that income from LPP was not double counted.  We sustain respondent's determinations disallowing a portion of the claimed deductions.

Petitioners' testimony at trial related largely to the alleged misconduct of respondent's agents during the audit.  As a general rule, this Court does not look behind a notice of deficiency to "examine the evidence used or the propriety of respondent's motives or of the administrative policy or procedure involved in making his determinations."  Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974); see also Riland v. Commissioner, 79 T.C. 185, 201 (1982). "[W]hat goes on during audits is immaterial to the de novo record on which we decide deficiency cases."  Kovacevich v. Commissioner, T.C. Memo. 2009-160 n.6. The rationale for this rule is that a trial before the Tax Court is a de novo proceeding, and our decision is based on the merits of the record before us and not

on the merits of the administrative record. Jackson v. Commissioner, 73 T.C. 394, 400 (1979); Greenberg's Express, Inc. v. Commissioner, 62 T.C. at 328.

Petitioners contend that "all the communications and letters" received from respondent during the audit were in a language they "didn't understand". But during the audit petitioners had an English-speaking representative with whom they were satisfied. During the audit petitioners did not request any documents in Ukrainian. Furthermore, according to her manager at Ajinomoto, Mrs. Lubyanitskaya regularly speaks English at her job, has completed tests in English, and does her work-related writing in English. In any event, petitioners were afforded a de novo trial before this Court and were provided with a Ukrainian-English interpreter during the trial.

## II. Accuracy-Related Penalty

Section 6662(a) and (b) imposes a 20% accuracy-related penalty on any portion of a tax underpayment that is attributable to, among other things, negligence or a substantial understatement of income tax. "Negligence" includes the failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code and also includes any failure to keep adequate books and records or to substantiate items properly. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. A substantial understatement is defined in section 6662(d)(1)(A) as an

understatement that exceeds the greater of 10% of the tax required to be shown on the return or $5,000.

Under section 7491(c), respondent bears the burden of production with respect to the section 6662(a) penalty. Generally, this means that he must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Respondent has met his burden of production on the section 6662(a) penalty, as he has provided evidence of both a substantial understatement and petitioners' negligence in failing to comply with recordkeeping requirements.[3]

The accuracy-related penalty does not apply with respect to any portion of the underpayment if it is shown that the taxpayer had reasonable cause and acted in good faith. Sec. 6664(c)(1). The burden of proof is upon petitioners to establish reasonable cause. See Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). They have not shown or even expressly claimed that they had reasonable cause or acted in good faith with respect to their understatement of income tax for

---

[3]The tax required to be shown on petitioners' 2007 return was $9,158. The tax shown on the return was $1,078, creating a deficiency of $8,080. As the deficiency exceeds both 10% of the tax required to be shown on the return ($915.80), and $5,000, respondent has shown a substantial understatement. See sec. 6662(d)(1).

2007.  We therefore sustain respondent's imposition of the accuracy-related penalty for 2007.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.