T.C. Memo. 2016-123

UNITED STATES TAX COURT

CHARLES C. L. WANG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24929-14.                    Filed June 21, 2016.

Charles C. L. Wang, pro se.

<u>Erik W. Nelson</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PUGH, <u>Judge</u>:  Respondent determined a deficiency of $1,578 in

petitioner's Federal income tax for 2012 and a penalty under section 6662(a)[1] of

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, in effect for 2012.  Rule references are to the Tax Court Rules of Practice and Procedure.

[*2] $315.60. The issues for decision are: (1) whether petitioner is liable for self-employment tax on commission income earned as a real estate agent that was reported on his 2012 Schedule C, Profit or Loss From Business; and (2) whether petitioner is liable for a penalty under section 6662(a) and (b)(1) and (2) for either an underpayment of tax attributable to a substantial understatement of income tax for failure to pay self-employment tax or an underpayment of tax attributable to negligence.

                         FINDINGS OF FACT

     Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in California at the time his petition was filed.

     Petitioner was a licensed real estate agent for Century 21 in 2012 and received one commission for that year (from Century 21) of $20,309. Petitioner timely filed his 2012 Form 1040, U.S. Individual Income Tax Return. He used a paid return preparer. The Form 1040 reported no wages, a capital loss of $3,000, gambling income of $1,443, and Schedule C income of $13,628. Attached to the return was a Schedule C for petitioner's real estate sales business, reporting $20,310 of gross receipts. This amount was nearly identical to the $20,309 reported on a Form 1099-MISC, Miscellaneous Income, that petitioner received

**[\*3]** from Century 21. Petitioner did not include a Schedule SE, Self-Employment Tax, with his income tax return and did not pay self-employment tax.

OPINION

## I. Self-Employment Tax

Ordinarily, the burden of proof in cases before the Court is on the taxpayer. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner has not come forward with evidence sufficient to shift the burden to respondent under section 7491; therefore, he bears the burden of establishing that his commission income was not subject to self-employment tax.

Section 1401(a) and (b) imposes a percentage tax on self-employment income. Self-employment income is defined as "the net earnings from self-employment derived by an individual * * * during any taxable year". Sec. 1402(b). Net earnings from self-employment are defined as "gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed by this subtitle which are attributable to such trade or business". Sec. 1402(a); Eanes v. Commissioner, T.C. Memo. 2000-252.

Petitioner's sole objection to the notice of deficiency was that the Internal Revenue Service (IRS) had sent other notices before the final notice of deficiency that did not indicate that he owed self-employment tax. He also testified that if the

**[\*4]** first notice had required him to pay the self-employment tax he would have done so. His protestations regarding the IRS notices and his difficulty in resolving his case before the notice of deficiency was issued are not relevant to our redetermination of his tax liability. We generally do not look behind the statutory notice of deficiency to examine the Commissioner's motives or conduct. Graham v. Commissioner, 82 T.C. 299, 308 (1984), aff'd, 770 F.2d 381 (3d Cir. 1985). Rather, we conduct a de novo review of the record and apply the law to the facts in the record before us. See Lubyanitskaya v. Commissioner, T.C. Memo. 2012-95, 2012 WL 1034184, at \*2.

Petitioner bears the burden of proving that he did not owe self-employment tax. He offered no evidence that would establish that he was not self-employed. See, e.g., Na v. Commissioner, T.C. Memo. 2015-21; Kindred v. Commissioner, T.C. Memo. 1979-457, aff'd, 669 F.2d 400 (6th Cir. 1982). Petitioner does not argue that his income earned as a real estate agent for Century 21 is not subject to self-employment tax. Rather, he testified that he did not know whether he was self-employed and relied on his paid return preparer and the IRS. He testified that he was a real estate agent and received a commission from Century 21. Moreover, his return reported the payment from Century 21 as Schedule C income from a

**[\*5]** trade or business.  Therefore, we hold that petitioner's commission income was subject to self-employment tax under section 1402.

## II.  Section 6662 Penalty

Section 6662(a) and (b)(1) and (2) imposes a penalty equal to 20% of the portion of an underpayment of tax required to be shown on the return that is attributable to "negligence or disregard of rules or regulations" and/or a "substantial understatement of income tax."  Negligence includes "any failure to make a reasonable attempt to comply with the provisions of this title".  Sec. 6662(c).  An understatement of income tax is a "substantial understatement" if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000.  Sec. 6662(d).

With respect to an individual taxpayer's liability for a penalty, section 7491(c) places the burden of production on the Commissioner, requiring the Commissioner to come forward with sufficient evidence indicating that imposition of a penalty is appropriate.  Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  Once the Commissioner meets his burden of production, the taxpayer bears the burden of proving that the Commissioner's determination is incorrect. Id.; see Rule 142(a).

**[*6]**  The notice of deficiency asserted both negligence under section 6662(b)(1) and a substantial understatement of income tax under section 6662(b)(2) as reasons for the imposition of the section 6662(a) penalty.  In his pretrial memorandum and at trial, however, counsel for respondent argued only that petitioner was liable for a section 6662(a) penalty because of a substantial understatement of income tax and did not advance any arguments in support of the determination that petitioner was liable because of negligence.  We therefore consider respondent to have abandoned his argument as to negligence.  The understatement of income tax, $1,578, does not exceed the greater of 10% of the tax required to be shown on the return or $5,000.  Therefore, respondent has not met his burden of producing evidence that petitioner's underpayment was attributable to a substantial understatement of income tax.  Consequently, petitioner is not liable for a penalty under section 6662(a).

We have considered all arguments made and facts presented in reaching our decision and, to the extent not discussed above, we conclude that they are moot, irrelevant, or without merit.

**[\*7]**   To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent as to the deficiency and for</u>

<u>petitioner as to the section 6662(a)</u>

<u>penalty</u>.