T.C. Memo. 2017-86

UNITED STATES TAX COURT

GEORGE E. TIMMINS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8454-16.                    Filed May 23, 2017.

George E. Timmins, pro se.

<u>William J. Gregg</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  With respect to petitioner's Federal income tax for 2013,

the Internal Revenue Service (IRS or respondent) determined a deficiency of $994

attributable to petitioner's failure to report as gross income unemployment com-

[*2] pensation of $3,231.[1]  The parties have filed cross-motions for summary judgment.  We will grant respondent's motion and deny petitioner's.

Background

The following facts are derived from the parties' pleadings and motion papers, including the declaration and exhibits attached to respondent's motion. Although petitioner requested Washington, D.C. as the place of trial, he resided in Hawaii when he filed his petition.

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for 2013.  The only income he reported on this return consisted of wages of $28,261 attributable to his work as a secondary school teacher.  He did not report any unemployment compensation on line 19 of this Form 1040.

The IRS received a Form 1099-G, Certain Government Payments, from the Hawaii Department of Labor and Industrial Relations (DLIR or department), reporting that the department had paid petitioner unemployment compensation of $3,231 for the 2013 taxable year.  Respondent attached to his summary judgment motion a declaration from the department's custodian of records averring that it had made nine periodic payments of unemployment compensation to petitioner,

_____

[1]All statutory references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

**[\*3]** each in the amount of $359, during the months of June, July, and August 2013. The total of these nine periodic payments is $3,231.

On January 24, 2016, the IRS sent petitioner a timely notice of deficiency determining a deficiency of $994 attributable to this unreported income. He timely petitioned this Court and, on March 10, 2017, filed a motion for summary judgment. On April 12, 2017, the IRS responded to his motion and filed a cross-motion for summary judgment.

Discussion

A.      Summary Judgment Standard

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Under Rule 121(b) the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. Ibid. However, the nonmoving party "may not rest upon the mere allegations or denials" of his pleadings but instead

**[*4]** "must set forth specific facts showing that there is a genuine dispute for trial." Rule 121(d); see Sundstrand Corp., 98 T.C. at 520.

Petitioner has set forth no facts showing that there is a genuine dispute for trial. He does not dispute that he received $3,231 of unemployment compensation from the DLIR during 2013. In his original petition filed April 11, 2016, he did not assign error to the IRS determination that he had failed to include this amount in gross income. Instead, he demanded that respondent furnish him with a signed copy of the "record of the assessment." See sec. 6203. This demand was misguided or frivolous because there can be no assessment of the tax at issue until our decision in this case becomes final. See secs. 6213(a), 7481.

In an amendment to petition filed July 1, 2016, petitioner identified $3,231 as the "amount in dispute" and then embarked on a variety of tax-protester arguments. Nowhere does he adduce any facts that bear, directly or indirectly, on whether he received unemployment compensation during 2013 and (if so) whether that compensation constituted taxable income.

In moving for summary judgment petitioner elaborated on the same themes, insisting that the IRS has "refused to provide any factual evidence of petitioner's duties that allegedly lay at issue." According to petitioner, the IRS, "as chief bookkeeper over the nation, has silently confused the classifications of the peti-

**[\*5]** tioners as U.S. employees who knowingly are operating under a licensed small business or self employed business for State or Federal Revenue Taxable Activity purposes." These and other incomprehensible allegations in petitioner's motion have no relevance to the question of whether he received taxable unemployment compensation during 2013. We conclude that there are no material facts in dispute and that this case is appropriate for summary adjudication.

B.    Unreported Income

The IRS' determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving those determinations erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). For this presumption to adhere in cases involving receipt of unreported income, the Commissioner must provide some reasonable foundation connecting the taxpayer with the income-producing activity. See, e.g., Blohm v. Commissioner, 994 F.2d 1542, 1549 (11th Cir. 1993), aff'g T.C. Memo. 1991-636; Weimerskirch v. Commissioner, 596 F.2d 358, 362 (9th Cir. 1979), rev'g 67 T.C. 672 (1977); Tucker v. Commissioner, T.C. Memo. 2014-51, 107 T.C.M. (CCH) 1258, 1261. Once the Commissioner has produced evidence linking the taxpayer to an income-producing activity, the burden of proof shifts to the taxpayer to prove by a preponderance of the evidence that the Commissioner's determinations are arbitrary or erroneous.

**[*6]** <u>Helvering v. Taylor</u>, 293 U.S. 507, 515 (1935); <u>Tokarski v. Commissioner</u>, 87 T.C. 74, 76-77 (1986).

The IRS received from the DLIR a Form 1099-G reporting that it had paid petitioner $3,213 of unemployment compensation during 2013. The IRS has also supplied a declaration from the DLIR's custodian of records confirming that fact. On the basis of this credible and undisputed evidence we are satisfied that respondent has proved a likely source of the unreported income. The burden of proof thus shifts to petitioner to show that respondent's determinations were arbitrary.[2]

Section 85(a) provides that, "[i]n the case of an individual, gross income includes unemployment compensation." Section 85(b) defines "unemployment compensation" to mean "any amount received under a law of the United States or a State which is in the nature of unemployment compensation." <u>See</u> sec. 1.85-

---

[2]Section 6201(d) provides that, "if a taxpayer asserts a reasonable dispute with respect to any item of income reported on an information return * * * and the taxpayer has fully cooperated with the Secretary," the IRS may not rely solely on the information return to satisfy its burden of production. Petitioner has not alleged a "reasonable dispute" concerning the Form 1099-G; indeed, he does not dispute that he received the unemployment compensation reflected therein. <u>See</u> <u>Parker v. Commissioner</u>, T.C. Memo. 2012-66, 103 T.C.M. (CCH) 1321, 1323 (finding section 6201(d) inapplicable where the taxpayer "did not bring any factual dispute over any item of income to the IRS' attention within a reasonable time" but instead raised frivolous arguments).

**[\*7]** 1(b)(1)(i)-(iii), Income Tax Regs. (noting that section 85 applies to unemployment compensation paid under "governmental programs" and that such compensation is ordinarily "paid in cash and on a periodic basis").

Petitioner has set forth no facts and submitted no documentary evidence to show that he did not receive periodic payments of unemployment compensation totaling $3,231 from the State of Hawaii or that this unemployment compensation was not taxable. See Rule 121(d). We conclude that respondent's determination of unreported income as set forth in the notice of deficiency is correct, and that determination is sustained. See Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999), aff'g T.C. Memo. 1997-97; Powerstein v. Commissioner, T.C. Memo. 2011-271, 102 T.C.M. (CCH) 497, 506.

C.    Frivolous Position Penalty

Section 6673(a)(1) authorizes this Court to impose a penalty not in excess of $25,000 whenever it appears that the taxpayer has instituted or maintained the proceeding "primarily for delay" or has taken a position that is "frivolous or groundless." Sec. 6673(a)(1)(A) and (B). The purpose of section 6673 is to compel taxpayers to conform their conduct to settled tax principles and to deter the waste of judicial resources. See Coleman v. Commissioner, 791 F.2d 68, 71 (7th

**[\*8]** Cir. 1986); <u>Bruhwhiler v. Commissioner</u>, T.C. Memo. 2016-18, 111 T.C.M. (CCH) 1071, 1074.

Petitioner has advanced numerous frivolous arguments in this Court.  In his amendment to petition, petitioner alleged among other things that:  (1) he is not a taxpayer but merely an "agent" for "The George E. Timmins Account"; (2)  IRS Chief Counsel Wilkins, under whose name respondent's pleadings were filed, was acting under an invalid "silent appointment" from the Commissioner of Internal Revenue; (3) petitioner's 2013 return, which bears his signature and that of a Hawaii tax return preparer, "was not filed with any IRS Office due to the fact that neither I nor the Account were employed as U.S. taxpayers or withholding agents"; and (4) "the IRS arbitrarily made out an irregular 1040 return for the Account with the intention of falsely classifying the Account as a small business or self employed, without my knowledge or consent."

As noted above, many of these frivolous contentions are repeated and amplified in petitioner's motion for summary judgment.  Because this seems to be his first appearance in this Court, we will not impose a section 6673 penalty now.  But we warn him that he risks a significant penalty if he persists in advancing frivolous arguments in any future appearance before us.

**[*9]** To implement the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered for respondent</u>.