# United States Tax Court

T.C. Memo. 2022-104

CRAIG J. SCHIEDER,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 4048-20.                          Filed October 11, 2022.

————

Craig J. Schieder, pro se.

*Marissa J. Savit* and *Thomas A. Deamus*, for respondent.


## MEMORANDUM FINDINGS OF FACT AND OPINION

URDA, *Judge*: Petitioner, Craig J. Schieder, challenges a notice of deficiency issued by the Internal Revenue Service (IRS) that determined a deficiency of $30,963 in his federal income tax for his 2017 tax year as well as an addition to tax under section 6651(a)(1)[1] of $2,925.[2] After initially asserting frivolous arguments on his 2017 tax return and in his original petition in this Court, Mr. Schieder changed tack and challenged various aspects of the IRS's notice. We will uphold the Commissioner's determinations in the notice of deficiency as

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

[2] The Commissioner has previously conceded the other addition to tax under section 6651(a)(2) and a penalty under section 6662(a) as determined in the notice of deficiency.

[*2] modified by the Commissioner's answer to the amended petition and subject to the Commissioner's concessions.

## FINDINGS OF FACT

This case was tried in October 2021 at our Atlanta, Georgia, remote trial session (via Zoomgov). Mr. Schieder elected not to testify at trial and did not submit a posttrial brief (even after he requested, and we granted, an extension of time to do so). We base our factual findings on the testimony of the two trial witnesses, as well as the admitted exhibits.[3] Mr. Schieder lived in New York when he timely filed his petition.

I.    *Mr. Schieder's 2017 Work and Tax Reporting*

During 2017 Mr. Schieder worked as a recreational vehicle (RV) salesman for Colton Auto, Inc. (Colton), selling RVs manufactured by companies including Tiffin Motor Homes, Inc. (Tiffin), Thor Motor Coach (Thor), and Forest River, Inc. (Forest River). Mr. Schieder earned $139,448 from Colton, as well as assorted payments from several other companies in the RV industry: (i) $6,100 from Tiffin; (ii) $1,000 from Thor; (iii) $2,100 from Forest River; (iv) $2,572 from Freightliner Custom Chassis Co. (Freightliner); and (v) $850 from Grand Design RV, LLC (Grand Design).

Mr. Schieder filed a federal income tax return for 2017 that was dated November 20, 2018, and received by the IRS on December 26, 2018. On this return Mr. Schieder claimed a refund of $17,965, reporting, inter alia, no income and itemized deductions of $8,782.

---

[3] At trial we reserved ruling on Exhibits 2-J and 20-R, Mr. Schieder's 2017 federal income tax return and an IRS tax return transcript, respectively, to give Mr. Schieder an opportunity to set forth in writing any objection that he might have to these exhibits. Mr. Schieder has forfeited his chance by failing to file a brief, and we will admit both exhibits. We pause to explicitly reject Mr. Schieder's contention that the 2017 tax return offered by the Commissioner was not his actual return. The Commissioner introduced a signed 2017 tax return accompanied by a postmarked envelope and a packet of supporting information comprised of third-party reporting forms and explanatory documents written by Mr. Schieder. Although Mr. Schieder attached a different version of the tax return to his petition, we are wholly unconvinced that Mr. Schieder filed that version with the IRS. The version attached to his petition explicitly featured the written representation "copy of return filed," included modified copies of third-party reporting (with additional commentary by Mr. Schieder), and omitted his explanatory documents. We see nothing to disturb the conclusion that Exhibit 2-J is the actual 2017 return Mr. Schieder filed.

[*3]   With his return, Mr. Schieder included a pay stub from Colton and Forms 1099-MISC, Miscellaneous Income, from Tiffin, Grand Design, Thor, and Forest River which reported the amounts those companies had paid him.  He also attached Forms 4852, Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., relating to each company, on which he represented that he had not received wages within the meaning of the Internal Revenue Code.

Mr. Schieder expanded upon this contention in a cover letter and a six-page document styled as an affidavit.  In the letter he stated that the payments he received from the various companies neither constituted "'Wages' as the term is clearly defined in . . . §[§] 3401(a) and 3121(a)" nor "gains, profit, or income within the meaning of relevant law."  He further asserted that the "amounts reported are all true and correct which I am requesting be credited back to me including Social Security and Medicare taxes which are 'federal income' based taxes which were improperly imposed."  In the affidavit Mr. Schieder then laid out what he saw as the legal underpinnings for his contention that he did not owe tax on his earnings.

II.   *Notice of Deficiency and Tax Court Proceedings*

The IRS thereafter issued to Mr. Schieder a notice of deficiency, determining a deficiency in income tax of $30,963 and a penalty of $2,925 for the late filing of his return.  In its notice the IRS increased Mr. Schieder's taxable income to $135,065, an amount based primarily upon the recognition of $139,448 in income from Colton and $6,100 from Tiffin, reduced by the standard deduction of $6,350.

In this Court the Commissioner asserted in his answer to Mr. Schieder's amended petition an increased deficiency based upon $6,522 in additional unreported income not recognized in the notice of deficiency.  Specifically, the Commissioner asserted that Mr. Schieder was liable for tax on the income received in 2017 from Forest River, Thor, Freightliner, and Grand Design, as shown on IRS transcripts and the Forms 1099-MISC attached to his 2017 tax return.  These income adjustments produced a revised deficiency of $32,940 and a revised addition to tax of $3,369.

At the close of trial the Court ordered the parties to submit simultaneous briefs.  The Commissioner timely filed his brief on

[*4] January 20, 2022; Mr. Schieder did not file a posttrial brief.[4] When a party fails to file a brief on issues that have been tried, we may consider those issues waived or conceded. *See, e.g.*, *Nicklaus v. Commissioner*, 117 T.C. 117, 120 n.4 (2001); *Stringer v. Commissioner*, 84 T.C. 693, 704–08 (1985), *aff'd without published opinion*, 789 F.2d 917 (4th Cir. 1986). We will exercise our discretion not to do so here.

OPINION

I.    *Unreported Income*

The IRS's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving those determinations erroneous. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). For this presumption to adhere in cases involving omitted income, "the Commissioner must establish a 'minimal evidentiary showing' connecting the taxpayer with the alleged income-producing activity or demonstrate that the taxpayer actually received unreported income." *Walquist v. Commissioner*, 152 T.C. 61, 67 (2019) (citations omitted); *Tucker v. Commissioner*, T.C. Memo. 2014-51, at *12; *accord Llorente v. Commissioner*, 649 F.2d 152, 156 (2d Cir. 1981), *aff'g in part, rev'g in part* 74 T.C. 260 (1980). Once the Commissioner has produced evidence linking the taxpayer to an income-producing activity, the burden of proof shifts to the taxpayer to prove by a preponderance of the evidence that the IRS's determinations are arbitrary or erroneous. *Helvering v. Taylor*, 293 U.S. 507, 515 (1935); *Tokarski v. Commissioner*, 87 T.C. 74, 76–77 (1986).

The Commissioner has plainly met his burden here. At trial the Commissioner introduced IRS transcripts showing payments to Mr. Schieder by each of the companies in 2017. For each of the companies besides Freightliner, the Commissioner further introduced the respective tax reporting forms (most of which Mr. Schieder himself attached to his return) and supporting financial documentation, such as checks, from the companies' custodians of records. Mr. Schieder thus bears the burden of proving by a preponderance of the evidence that the

---

[4] Approximately two months after the original due date for opening briefs, Mr. Schieder moved for an extension of time to file his brief, which the Court granted. Mr. Schieder did not file a brief by the extended deadline.

[*5] Commissioner's determination of unreported income is arbitrary or erroneous.[5]  *See Estate of Gilford v. Commissioner*, 88 T.C. 38, 51 (1987).

In his amended petition Mr. Schieder took the position that he did not "actually or constructively receive" the income reported.  He added specifics only with respect to Tiffin, asserting that he was paid $5,770 rather than $6,100 as reflected in the notice of deficiency.  Mr. Schieder failed to adduce any evidence to show that the Commissioner's determination of unreported income is arbitrary or erroneous.  The evidence before us, i.e., the IRS transcripts, third-party tax reporting, and third-party payment records, convincingly supports the Commissioner's determination of Mr. Schieder's 2017 unreported income stated in the notice of deficiency, as increased in the answer to the first amended petition.[6]

## II.    *Itemized Deductions*

Mr. Schieder also challenges in his amended petition the Commissioner's unexplained disallowance of itemized deductions of $8,782 claimed on his return.  The taxpayer generally bears the burden of proving his entitlement to any deduction or credit claimed on his return.  *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934).  The taxpayer is required to maintain records that are sufficient to enable the Commissioner to determine his correct tax liability.  § 6001.  "In addition, the taxpayer bears the burden of substantiating the amount and purpose of the claimed deduction."  *Higbee v. Commissioner*, 116 T.C. 438, 440 (2001).

In this case Mr. Schieder offered no evidence at trial to substantiate the itemized deductions claimed on his return.  The record before us establishes, and the Commissioner concedes, that Mr. Schieder paid state income tax of $6,423.  Mr. Schieder is entitled to deduct this

---

[5] The Commissioner retains the burden of proof as to the increased deficiency stemming from the income adjustments he asserted in his answer, i.e., the payments received from Forest River, Thor, Freightliner, and Grand Design.  *See* Rule 142(a); *Parker v. Commissioner*, T.C. Memo. 2012-66, 2012 WL 796414, at *3–4.

[6] Mr. Schieder also asserts in his amended petition that he met the requirements of section 6201(d), such that the Commissioner was required to adduce "reasonable and probative information" in support of the deficiency in addition to information returns.  Mr. Schieder did not satisfy section 6201(d), failing both to raise a "reasonable dispute" with respect to any item reported on an information return and to fully cooperate with the IRS.

**[\*6]** amount pursuant to section 164(a)(3) instead of the standard deduction of $6,350.[7]

III.   *Self-Employment Tax*

Mr. Schieder further asserts that the notice of deficiency incorrectly determined that he was liable for tax on self-employment income, denying that he was self-employed during 2017.  As an initial matter, we note that the Commissioner's post-trial brief assumes that the amount of self-employment income at issue includes the unreported income amounts identified in the notice of deficiency as well as the increased amounts set forth in his answer to the amended petition.  The Commissioner's answer failed, however, to allege that those additional amounts constituted self-employment income, as the notice of deficiency had done with respect to the Tiffin payment.  We thus will analyze only the self-employment income determined in the notice of deficiency.  *See* Rule 36(b).

Mr. Schieder bears the burden of showing that the income he received from Tiffin does not constitute self-employment income.  *See, e.g.*, *Wang v. Commissioner*, T.C. Memo. 2016-123, at \*3.  Mr. Schieder failed to put on any evidence and thus fails to satisfy his burden in this regard, and we will accordingly uphold the determination in the notice.

---

[7] At trial we reserved ruling on the Commissioner's motion to amend his pleadings to conform to the evidence.  In his answer to Mr. Schieder's amended petition, the Commissioner alleged that the IRS "did not disallow any itemized deductions" on his 2017 tax return.  The notice of deficiency plainly shows that the deductions Mr. Schieder claimed were not allowed, and we will grant the Commissioner's motion.  In a related vein, we reject Mr. Schieder's contention that the lack of an explanation for the disallowance of his itemized deductions caused the notice of deficiency to lose its presumption of correctness and rendered the entire notice erroneous.  As an initial matter, "[t]here is no burden on the Commissioner to justify his disallowance of a claimed deduction."  *LaBow v. Commissioner*, 763 F.2d 125, 132 (2d Cir. 1985) (quoting *Hanover Ins. Co. v. Commissioner*, 598 F.2d 1211, 1219 (1st Cir. 1979, *aff'g* 69 T.C. 260 (1977)), *aff'g in part and rev'g in part on other grounds* T.C. Memo. 1983-417); *see also Barnes v. Commissioner*, 408 F.2d 65, 68 (7th Cir. 1969), *aff'g* T.C. Memo. 1967-250.  In any event, "[w]hen the Commissioner concedes certain facts or issues, the notice of deficiency is still presumed correct."  *Wycoff v. Commissioner*, T.C. Memo. 2017-203, at \*34–35 (citing *U.S. Holding Co. v. Commissioner*, 44 T.C. 323, 328 (1965)); *accord Paccar, Inc. v. Commissioner*, 849 F.2d 393, 400 (9th Cir. 1988), *aff'g* 85 T.C. 754 (1985).

**[\*7]** IV.  *Section 6651(a)(1) Addition to Tax*

Section 6651(a)(1) imposes an addition to tax for the failure to timely file a required return unless the taxpayer can establish that the failure was due to "reasonable cause and not due to willful neglect." *United States v. Boyle*, 469 U.S. 241, 243 (1985).  The Commissioner bears the initial burden of production to show that the return was filed late.  *See* § 7491(c).  The taxpayer then bears the burden of proving that the late filing was due to reasonable cause and not willful neglect.  *Boyle*, 469 U.S. at 245; *Higbee*, 116 T.C. at 447.

The facts before us establish that Mr. Schieder was required to file a return for 2017.  The Commissioner met his burden of production in this case by introducing an account transcript for Mr. Schieder's 2017 tax year, which showed that he filed his 2017 tax return on December 26, 2018, more than eight months after the deadline to do so. *See Robertson v. Commissioner*, T.C. Memo. 2014-143, at \*7.

The burden thus shifts to Mr. Schieder to prove that the untimely filing was due to reasonable cause and not willful neglect.  *See* Rule 142(a); *Higbee,* 116 T.C. at 446–47.  Mr. Schieder has offered no explanation or evidence that would support such a conclusion.  As Mr. Schieder has not met his burden, we hold that he is liable for the addition to tax under section 6651(a)(1).

V.  *Conclusion*

In sum, we sustain the determinations by the IRS in the notice of deficiency as modified by the Commissioner's answer to the amended petition and subject to the Commissioner's concessions.

To reflect the foregoing,

*An appropriate order will be issued, and decision will be entered under Rule 155.*