T.C. Memo. 2014-143

UNITED STATES TAX COURT

KEITH ROBERTSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20848-12.                          Filed July 21, 2014.

Keith Robertson, pro se.

<u>Bradley C. Plovan</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LAUBER, <u>Judge</u>:  The Internal Revenue Service (IRS or respondent)

determined a deficiency in petitioner's 2009 Federal income tax of $10,027 and

additions to tax of $1,280, $682, and $125 pursuant to sections 6651(a)(1),

**[\*2]** 6651(a)(2), and 6654, respectively.[1]  We sustain all of these determinations except the addition to tax under section 6651(a)(2).

## FINDINGS OF FACT

Some facts have been stipulated and are so found, and we incorporate the stipulation of facts by this reference.  Petitioner was born in 1968.  He resided in Maryland when he filed his petition.

Petitioner was employed during 2009 by Motorola, Inc., which paid him compensation of $60,256 for that year.  This amount is shown as "wages, tips, and other compensation" on the Form W-2, Wage and Tax Statement, that Motorola furnished him for 2009 and is confirmed by Motorola's business records.  Petitioner admitted at trial that he worked for Motorola during 2009 and that he received the compensation shown on the Form W-2.  Motorola withheld $4,340 of Federal income tax from his wages.

Petitioner received a distribution of $4,333 in 2009 from a section 401(k) plan managed by The Northern Trust Co. (Northern Trust).  This amount is shown as a "gross distribution" on the Form 1099-R, Distributions From Pensions,

---

[1]Unless otherwise indicated, all statutory references are to the Internal Revenue Code in effect for 2009, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All monetary amounts are rounded to the nearest dollar.

**[\*3]** Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., that Northern Trust furnished him for 2009, and the entire amount is shown on the Form 1099-R as "taxable." Petitioner admitted that he received this income, and he did not contend that it was exempt from tax. He was not age 59½ during 2009, and he did not allege any basis on which this early distribution from his section 401(k) plan would be excepted from the 10% additional tax imposed by section 72(t). Northern Trust withheld no Federal income tax from this distribution.

Petitioner did not file a Federal income tax return for 2008 or for 2009, and he did not remit any tax payments for 2009 beyond the amounts withheld by his employer. The IRS prepared a substitute for return (SFR) for 2009 based on the information returns that it received.[2] In its calculations the IRS allowed a standard deduction for a single filer and one exemption. It also determined the afore-mentioned additions to tax and the 10% additional tax imposed by section 72(t). The IRS mailed petitioner a notice of deficiency based on the SFR, and petitioner timely sought review in this Court.

---

[2]The parties submitted a stipulation of facts that includes an IRS transcript of petitioner's 2009 account referencing a "substitute for return" dated August 24, 2011. However, respondent did not submit the SFR into evidence or otherwise demonstrate that it met the requirements of section 6020(b).

[*4]                              OPINION

I.      Burden of Proof

The Commissioner's determination of a deficiency is generally presumed correct, though the taxpayer can rebut this presumption. See sec. 7491(a); Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In unreported income cases, the IRS has the burden of going forward with some evidence linking the taxpayer to the income-producing activity, but the burden of proof remains on the taxpayer to show that the IRS determination was arbitrary or erroneous. See Williams v. Commissioner, 999 F.2d 760, 763-766 (4th Cir. 1993), aff'g T.C. Memo. 1992-153; Dunne v. Commissioner, T.C. Memo. 2008-63, 95 T.C.M. (CCH) 1236, 1239-1240.

With respect to additions to tax under sections 6651 and 6654, respondent bears the burden of production, but petitioner bears the burden of proof. See sec. 7491(c). To meet his burden of production, respondent "must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty." Higbee v. Commissioner, 116 T.C. 438, 446 (2001). The evidence required to meet this burden is not necessarily identical for each addition to tax, as discussed in more detail below. See, e.g., Spurlock v. Commissioner, T.C. Memo. 2003-124, 85 T.C.M. (CCH) 1236, 1242-1245.

[*5] II.     Tax Deficiency

Compensation for services is included in gross income. See sec. 61(a)(1). Distributions from an employees' trust are also included in gross income. See secs. 61(b), 72(a)(1), 402(b)(2). One type of employees' trust is commonly referred to as a "401(k) plan," a qualified cash or deferred arrangement plan established for the benefit of employees who meet certain criteria. Sec. 401(k); Weaver-Adams v. Commissioner, T.C. Memo. 2014-73, at *4-*5. Distributions from a qualified retirement account (which includes a 401(k) account) to a taxpayer under 59½ years of age at the time of the distribution are subject to a 10% additional tax unless an exception applies. Secs. 72(t), 401(k), 4974(c).

Respondent has established through information returns and the payors' business records that petitioner during 2009 received wages of $60,256 from Motorola and a taxable early distribution of $4,333 from a 401(k) plan held by Northern Trust. Petitioner admitted that he received this income. His sole contention at trial was that he filed a tax return for 2009 reporting all of this income and that he would have paid any tax owing when he submitted his return.

The IRS transcript of petitioner's account reflects that the IRS received no return from petitioner for 2009 and instead prepared an SFR on August 24, 2011. Petitioner did not produce a copy of the 2009 return he allegedly filed. Petitioner

**[*6]** likewise produced no evidence (such as a USPS certified mail receipt) that he mailed a 2009 return to the IRS. Petitioner testified that he lost all of his financial and tax records when he was evicted from a residence.

Petitioner testified that he would have paid whatever tax was shown as due on the 2009 return that he supposedly filed. But he produced no evidence (such as canceled checks, bank statements, or electronic bank records) to evidence such payment. He asserted that he paid the tax by money order and that third-party records of such a payment are not available. He offered no evidence of this apart from his own testimony. It is well established that a taxpayer's uncorroborated testimony need not be accepted by the Court. See, e.g., Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

Petitioner's explanation of events is further undermined by the fact that he did not file a Federal income tax return for 2008 either, as evidenced by the IRS transcript of his 2008 account. As shown on that transcript, the IRS also prepared an SFR for him for that year. Motorola's payroll records show a reduction in petitioner's 2009 take-home pay of $5,893 for a "tax levy." In the light of this pattern of past noncompliance, we do not find credible petitioner's testimony that he was in full compliance with his tax obligations for 2009.

**[\*7]** Respondent has established that petitioner was born in 1968 and was thus younger than 59½ in 2009. Petitioner failed to demonstrate that the distribution from his 401(k) plan met any exception to the 10% additional tax for an early distribution from a qualified retirement plan. Sec. 72(t)(1) and (2). We will therefore sustain the tax deficiency of $10,217 that respondent determined in the notice of deficiency, which represents the tax on petitioner's wages and 401(k) plan distribution plus the 10% additional tax under section 72(t).

III.    Additions to Tax

A.    Section 6651(a)(1)

Section 6651(a)(1) provides for an addition to tax of 5% of the tax required to be shown on a return for each month, or a fraction thereof, for which there is a failure to file the return, not to exceed 25% in the aggregate. The introduction into evidence of an account transcript showing that petitioner has not filed a tax return for the year at issue is sufficient to meet respondent's burden of production for the section 6651(a)(1) failure to timely file penalty. Holmes v. Commissioner, T.C. Memo. 2011-31, 101 T.C.M. (CCH) 1141, 1144. Respondent introduced petitioner's 2009 account transcript showing that he did not file a 2009 return. The only evidence that petitioner produced was his own uncorroborated testimony,

**[\*8]** which, for the reasons previously stated, we do not find credible. We will therefore sustain the imposition of the section 6651(a)(1) addition to tax.

B.    Section 6651(a)(2)

Section 6651(a)(2) provides for an addition to tax when a taxpayer fails to pay the tax shown on a return, unless the taxpayer proves that the failure to pay was due to reasonable cause and not due to willful neglect. An SFR prepared by the IRS pursuant to section 6020(b) is treated as the "return" filed by the taxpayer for purposes of section 6651(a)(2) when the taxpayer fails to file his own timely return. See sec. 6651(g). To meet its burden of production under section 7491(c) with respect to the section 6651(a)(2) addition to tax, the IRS must introduce into evidence a tax return. Wheeler v. Commissioner, 127 T.C. 200, 208-211 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008). This can be done by introducing a copy of the SFR into evidence or by stipulation of the parties that the SFR is valid and meets the requirements of section 6020. See, e.g., Wheeler, 127 T.C. at 208-211; Gardner v. Commissioner, T.C. Memo. 2013-67, at \*23-\*24. The IRS cannot rely solely on account transcripts stating that an SFR was prepared in order to meet this burden of production. Ibid.

Respondent failed to meet his burden of production under section 7491(c) with respect to the section 6651(a)(2) addition to tax since respondent did not

[*9] introduce into evidence a copy of the SFR or provide a stipulation by the parties as to the SFR's validity for purposes of section 6020. The 2009 account transcript introduced into evidence includes only a "summary reference" to an SFR, which is not enough to meet respondent's burden of production under section 7491(c). Wheeler, 127 T.C. at 208-211. We accordingly will not sustain the section 6651(a)(2) addition to tax.

C.     Section 6654

Section 6654(a) provides for an addition to tax when an individual under-pays the required estimated tax. Where, as here, a taxpayer does not file a return for the current tax year or the immediately preceding tax year, then the "required annual payment" that must be paid is equal to 90% of the tax due for the current taxable year. Sec. 6654(d)(1)(B). This payment is due in four required installments. Sec. 6654(c).

Respondent has established that petitioner did not file a tax return for 2008 or for 2009. Thus, petitioner's "required annual payment" for 2009 is 90% of the tax due for that year. See sec. 6654(a), (d)(1)(B). Petitioner's income tax liability for tax year 2009 is $10,027. Petitioner's required annual payment is thus $9,024 --90% of his 2009 liability. Petitioner paid only $4,340 of tax via withholding from his wages. See secs. 6513(b), 6654(g)(1). Because petitioner had a required

[*10] annual payment that he underpaid, we will sustain the section 6654(a)

addition to tax for 2009.  To reflect the foregoing,

Decision will be entered for respondent

as to the deficiency and the additions to tax under

sections 6651(a)(1) and 6654 and for petitioner

as to the addition to tax under section 6651(a)(2).