# United States Tax Court

T.C. Memo. 2022-7

LARRY T. WILLIAMS,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 939-20.                    Filed February 7, 2022.

————

Larry T. Williams, pro se.

*Michael K. Foster II* and *Daniel C. Munce*, for respondent.

## MEMORANDUM FINDINGS OF FACT AND OPINION

URDA, *Judge*:  Petitioner, Larry T. Williams, challenges a notice of deficiency issued by the Internal Revenue Service (IRS) that determined a deficiency of $49,100 in his federal income tax for his 2016 tax year as well as an addition to tax under section 6651(a)(1)[1] of $12,273 and an accuracy-related penalty under section 6662(a) of $9,820.[2]  The notice of deficiency disallowed certain deductions claimed by Mr. Williams in connection with his business.  Rather than attempting to demonstrate errors by the IRS in its determination, Mr. Williams has chosen to focus his challenge on frivolous and groundless

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

[2] The Commissioner has conceded a portion ($2,453) of the addition to tax under section 6651(a)(1) as well as the full $9,820 penalty under section 6662(a).

[*2] arguments. We will uphold the Commissioner's determination, subject to certain concessions.

## FINDINGS OF FACT

This case was tried at our Atlanta, Georgia, remote trial session (via Zoomgov). We base our factual findings on the deemed admissions of facts, as well as the testimony of Mr. Williams, the sole trial witness. *See* Rule 90(c); *Silver v. Commissioner*, T.C. Memo. 2021-98, at *2–3. Mr. Williams lived in Florida when he timely filed his petition.

During 2016 Mr. Williams worked as a consultant for a business called Lows Consultant, LLC, working on behalf of National Group Protection, Inc. Mr. Williams filed his 2016 Federal income tax return 3-1/2 months late. On that return he reported gross business income of $174,956 and business expenses of $174,829, which produced a taxable income of $127. Mr. Williams' business expenses included, inter alia, $73,651 of travel expenses, $43,117 of car and truck expenses, $28,689 of "other" expenses, $7,255 of supplies, and $6,322 of meal and entertainment expenses.

The IRS thereafter determined that Mr. Williams had failed to substantiate his 2016 expenses and issued him a notice of deficiency that disallowed most of his claimed deductions.[3] The IRS further determined an addition to tax for failure to file timely under section 6651(a)(1) of $12,273 and an accuracy-related penalty under section 6662(a) of $9,820.[4]

## OPINION

### I. *Burden of Proof*

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving error in the determinations. *See* Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). The taxpayer bears the burden of

---

[3] In his pretrial memorandum respondent conceded $22,380 of travel expenses and $151 of other expenses for parking.

[4] In his pretrial memorandum respondent conceded the full section 6662(a) accuracy-related penalty of $9,820. Respondent further conceded a portion ($2,453) of the addition to tax under section 6651(a)(1) for failure to file timely on the ground that Mr. Williams filed his return about 3-1/2 months late, rather than five months as asserted in the notice of deficiency.

**[\*3]** proving his entitlement to any deduction or credit claimed on his return. *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934).

Mr. Williams does not contend, and the evidence does not establish, that the burden of proof should shift to the Commissioner under section 7491(a). He thus bears the burden of proof with regard to the deficiency. To the extent Mr. Williams challenges the addition to tax under section 6651(a)(1), the Commissioner bears the burden of production with respect to that addition to tax. *See* § 7491(c).

II.  *Legal Background*

Gross income includes all income from whatever source derived. *See* § 61(a); *see also Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 429 (1955); *Helvering v. Clifford*, 309 U.S. 331, 334 (1940). Section 162(a) generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. The taxpayer bears the burden of proving that his reported business expenses were actually incurred and were "ordinary and necessary." *See* § 162(a); Rule 142(a).

The taxpayer bears the burden of substantiating expenses underlying his claimed deductions by keeping and producing records sufficient to enable the Commissioner to determine the correct tax. *See* Treas. Reg. § 1.6001-1(a), (e). Failure to keep and present such records counts heavily against a taxpayer's attempted proof. *See Rogers v. Commissioner*, T.C. Memo. 2014-141, at \*17.

In certain circumstances the Court may approximate the amount of an expense if the taxpayer proves it was incurred but cannot substantiate the exact amount (*Cohan* rule). *See Cohan v. Commissioner*, 39 F.2d 540, 543–44 (2d Cir. 1930). But the taxpayer must provide some basis for such an estimate. *See V*anicek *v. Commissioner*, 85 T.C. 731, 742–43 (1985). A court may not apply the *Cohan* rule to approximate expenses subject to the stricter substantiation requirements under section 274(d), including expenses for travel (including meals and lodging while away from home) and with respect to the business use of any listed property (such as a passenger automobile). *See Sanford v. Commissioner*, 50 T.C. 823, 827–28 (1968), *aff'd per curiam*, 412 F.2d 201 (2d Cir. 1969); *see also* §§ 274(d)(1), (4), 280F(d)(4)(A).

[*4]  The Commissioner disallowed Mr. Williams' deductions for lack of substantiation.  Mr. Williams does not challenge either the facts on which the Commissioner's determination is based or his calculation of tax.  Mr. Williams instead raises assorted frivolous or groundless arguments that have been oft rejected by this Court, including among other things, that the U.S. Government went bankrupt and no longer exists, that the Internal Revenue Code does not constitute "law," and that he is not a U.S. citizen.  *See, e.g.*, *Ulloa v. Commissioner*, T.C. Memo. 2010-68, 2010 WL 1330387; I.R.S. Notice 2010-33, 2010-17 I.R.B. 609.  We will not painstakingly address his assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  *Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984); *see also Wnuck v. Commissioner*, 136 T.C. 498, 512 (2011).

We accordingly uphold the Commissioner's deficiency determination, subject to the concessions he has made during the pendency of the proceedings in this Court.

III.  *Addition to Tax*

A.  *Section 6651(a)(1) Addition to Tax*

Section 6651(a)(1) imposes an addition to tax for the failure to file a required return timely unless the taxpayer can establish that such failure was due to "reasonable cause and not due to willful neglect".  *United States v. Boyle*, 469 U.S. 241, 243 (1985).  The Commissioner bears the initial burden of production to introduce evidence that the return was filed late.  *See* § 7491(c).  The taxpayer then bears the burden of proving that the late filing was due to reasonable cause and not willful neglect.  *Boyle*, 469 U.S. at 245; *Higbee v. Commissioner*, 116 T.C. 438, 447 (2001).

The facts before us establish that Mr. Williams was required to file a return for 2016.  The Commissioner met his initial burden in this case by introducing Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, for Mr. Williams' 2016 tax year, which showed that Mr. Williams filed his 2016 tax return on May 17, 2018, around 3-1/2 months after the extended deadline to do so.  *See Murray v. Commissioner*, T.C. Memo. 2017-67, at *11.  The burden thus shifts to Mr. Williams to prove that the untimely filing was due to reasonable cause and not willful neglect.  *See* Rule 142(a); *Higbee,* 116 T.C. at 446–47.  Mr. Williams has offered no explanation or evidence that

[*5] would support such a conclusion. As Mr. Williams has not met his burden, we hold that he is liable for the addition to tax under section 6651(a)(1) (as reduced by the Commissioner's concession).

### B.    *Penalty Under Section 6673(a)(1)(B)*

The Commissioner further seeks a penalty against Mr. Williams pursuant to section 6673(a)(1)(B). Section 6673(a)(1)(B) provides this Court with the discretion to require a taxpayer to pay to the Government a penalty of up to $25,000 when a taxpayer takes a frivolous or groundless position in this Court. Although Mr. Williams has repeatedly advanced frivolous or groundless positions in this case, the Court declines to impose a section 6673 penalty at this time. We warn Mr. Williams that we are unlikely to be lenient going forward should he choose again to press frivolous or groundless arguments like the ones he relied upon in this case.

### IV.    *Conclusion*

In sum, we sustain the IRS' determinations in the notice of deficiency, other than the expenses, penalty, and portion of the addition to tax conceded by the Commissioner.

To reflect the foregoing,

*Decision will be entered under Rule 155.*