# United States Tax Court

T.C. Memo. 2023-95

REYNOLD HARVEY,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 14439-22.                    Filed July 25, 2023.

————

Reynold Harvey, pro se.

*Karen Y. Leon* and *Thomas A. Deamus*, for respondent.

## MEMORANDUM FINDINGS OF FACT AND OPINION

LAUBER, *Judge*:  With respect to petitioner's Federal income tax for 2018, the Internal Revenue Service (IRS or respondent) determined a deficiency of $12,058 and additions to tax under sections 6651 and 6654.[1]  The principal question presented is whether petitioner is taxable on wages and a retirement distribution he received during 2018.  He urged that we answer that question in the negative, asserting: "I am exempt from Federal Income Tax, as defined by The House of Representatives."  Disagreeing with that submission, we will sustain respondent's deficiency determinations and impose on petitioner a penalty of $1,000 for advancing frivolous positions in this Court.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times.  We round all monetary amounts to the nearest dollar.

[*2]                         FINDINGS OF FACT

The following facts are derived from the parties' pleadings, documentary exhibits admitted into evidence at trial, and petitioner's trial testimony. Petitioner resided in the Bronx, New York, when his Petition was timely filed. Absent stipulation to the contrary, appeal of this case would lie to the U.S. Court of Appeals for the Second Circuit. *See* § 7482(b)(1)(A). We thus follow its precedent. *See Golsen v. Commissioner*, 54 T.C. 742, 757 (1970), *aff'd*, 445 F.2d 985 (10th Cir. 1971).

During 2018 petitioner was employed by the New York City Transit Authority. For that year it paid him wages of $80,764, reporting that amount to him on Form W–2, Wage and Tax Statement. He does not dispute that he received wages of $80,764 during 2018.

During 2018 petitioner received from the New York City Retirement Systems Trust a distribution of $3,099. It reported that payment to him on Form 1099–R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc. The Form 1099–R reported that the "taxable amount" of this distribution was $3,099. Petitioner does not dispute that he received a retirement distribution of $3,099 during 2018. Nor does he dispute that this amount was taxable (apart from asserting that he is altogether exempt from Federal income tax).

Petitioner did not file a Federal income tax return for 2018. Nor did he remit any tax payments for 2018 beyond the amounts withheld by his employer. The IRS prepared a substitute for return (SFR) based on the information returns it received and, on March 14, 2022, mailed petitioner a notice of deficiency.[2]

The notice of deficiency determined that petitioner for 2018 received total income of $83,863, consisting of $80,764 in wages and a $3,099 taxable retirement distribution. Allowing him the standard deduction of $12,000, it determined taxable income of $71,863 and a tentative tax of $11,748. To that sum the IRS added tax of $310 under section 72(t), which imposes a 10% additional tax on early distributions from qualified retirement plans.

---

[2] Petitioner's IRS account transcript for 2018, which was admitted into evidence as Exhibit 2–R, references a "substitute for return" opposite the date July 11, 2022. However, respondent did not submit the SFR into evidence or otherwise demonstrate that it met the requirements of section 6020(b).

**[*3]**     Petitioner timely petitioned this Court.  In his Petition he did not dispute his receipt of the income determined in the notice of deficiency. Nor did he dispute that his $3,099 retirement distribution was an "early distribution" within the meaning of section 72(t).  The sole argument he advanced was that he was exempt from Federal income tax.

Petitioner filed a Pretrial Memorandum in which he reiterated his position that he was not "liable to pay the federal income tax."  In support of that position he cited section 7701(a)(9), which defines the term "United States" (when used in a geographical sense) to "include[] only the States and the District of Columbia."  He asserted that "the term 'income' is defined nowhere in title 26 of the U.S. Code," that "the meaning of income did not change after the passage of the 16th Amendment," and that "the U.S. Supreme Court has ruled, not just once, but repeatedly, that the federal government cannot levee [sic] a tax on your property, and ultimately, your labor."

We tried this case remotely on June 20, 2023, via Zoomgov.  At trial petitioner did not dispute his receipt of the income in question, but he denied that he was taxable on it.  We advised him that this Court and others have repeatedly characterized as frivolous the argument that wages are not income.  We warned him that, by advancing this argument, he risked a penalty under section 6673.  He nevertheless persisted in his position, asserting that he intended to take his argument "all the way to the Supreme Court."

OPINION

A.     *Gross Income*

The Internal Revenue Code provides that "gross income means all income from whatever source derived," including "[c]ompensation for services."  § 61(a)(1).  Gross income likewise includes distributions from a qualified retirement plan.  *See* §§ 61, 72(a)(1), 408(d)(1).  Such distributions are taxable in full unless the taxpayer has acquired a basis in his account (for example) by making nondeductible contributions to it. *See* §§ 72(b), (e)(6), 408(d)(2); *Campbell v. Commissioner*, 108 T.C. 54, 66–67 (1997).

In cases of unreported income, the Commissioner must establish an evidentiary foundation connecting the taxpayer to the income-producing activity, *see Llorente v. Commissioner*, 649 F.2d 152, 156 (2d Cir. 1981), *aff'g in part, rev'g in part* 74 T.C. 260 (1980), or demonstrate that the taxpayer actually received income, *Edwards v. Commissioner*,

[*4] 680 F.2d 1268, 1270–71 (9th Cir. 1982).  Information supplied to the IRS by the taxpayer's employer on Form W–2, or by other payors on Forms 1099, is sufficient to meet this burden.  *See Hardy v. Commissioner*, 181 F.3d 1002, 1004–05 (9th Cir. 1999), *aff'g* T.C. Memo. 1997-97.  "Once the Commissioner makes the required threshold showing, the burden shifts to the taxpayer to prove by a preponderance of the evidence that the Commissioner's determinations are arbitrary or erroneous."  *Walquist v. Commissioner*, 152 T.C. 61, 67–68 (2019) (citing *Helvering v. Taylor*, 293 U.S. 507, 515 (1935)); *see Texasgulf, Inc., & Subs. v. Commissioner*, 172 F.3d 209, 214 (2d Cir. 1999), *aff'g* 107 T.C. 51 (1996).

The IRS may not rely solely on a third-party report of income, such as a Form 1099, if the taxpayer raises a reasonable dispute concerning the accuracy of the report.  *See* § 6201(d).  Petitioner has not done so.  To the contrary, he has admitted that he received during 2018 the wages reported on the Form W–2 and the retirement distribution reported on the Form 1099–R.  He does not contend that he made any nondeductible contributions to his retirement account.  And he does not dispute the determination, set forth on the Form 1099–R by the New York City Retirement Systems Trust, that the "taxable amount" of his distribution was $3,099.

In contending that he is not taxable on the gross income he received, petitioner relies solely on the assertion that he is exempt from tax on the fruits of his labor, including his wages and the retirement distribution paid with respect to his labor in prior years.  His pretrial memorandum, which is not a model of clarity, appears to allege that his wages and retirement benefits are tax exempt because he received them as an equal exchange for labor.  He asserts that "[t]he term 'income' has repeatedly been held by the court to indicate 'gain on capital' and not receipt [of] wages or a fee received in exchange for selling an item of property."

We have repeatedly rejected such arguments as frivolous.  *See, e.g., Rowlee v. Commissioner*, 80 T.C. 1111, 1120–22 (1983) (rejecting the taxpayer's claim that he did not have taxable income or "gain" because the wages he received were the product of his labor); *Holland v. Commissioner*, T.C. Memo. 2021-129, 122 T.C.M. (CCH) 311, 312–13, *aff'd per curiam*, No. 22-1007, 22 WL 1619849 (4th Cir. May 23, 2022).  And the Second Circuit has done the same.  *See, e.g., Connor v. Commissioner*, 770 F.2d 17, 20 (2d Cir. 1985); *Schiff v. Commissioner*, 751 F.2d 116, 117 (2d Cir. 1984) (ruling that the argument that taxation of wage

[*5] income is unconstitutional is "wholly lacking in merit, is without any logical basis, and has been rejected countless times by [the Second Circuit] and others"), *aff'g* T.C. Memo. 1984-223. We accordingly hold that petitioner was taxable in 2018 on gross income of $83,863, as determined in the notice of deficiency.

## B.    *Additional Tax*

Section 72(t) imposes a 10% "additional tax" on early distributions from qualified retirement plans. An early distribution is defined as one made before "the date on which the employee attains age 59 1/2." *See* § 72(t)(2)(A)(i). Petitioner did not contend, in his Petition, in his Pretrial Memorandum, or at trial, that he was age 59-1/2 or older when the $3,099 was distributed to him. Nor does he contend that any other exception set forth in section 72(t)(2) applies. The sole argument he has advanced at any point in this case is that he is exempt from Federal income tax altogether. We accordingly sustain the IRS's determination of a $310 additional tax for 2018.

## C.    *Additions to Tax*

With respect to the additions to tax under sections 6651 and 6654, respondent bears the burden of production, but petitioner bears the burden of proof. *See* § 7491(c). To meet his burden of production, respondent "must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty." *See Higbee v. Commissioner*, 116 T.C. 438, 446 (2001). As explained below, the evidence required to meet this burden is not necessarily the same for each addition to tax. *See, e.g.*, *Spurlock v. Commissioner*, T.C. Memo. 2003-124, 85 T.C.M. (CCH) 1236, 1242–45.

### 1.    *Failure to File*

Section 6651(a)(1) provides for an addition to tax of 5% of the tax required to be shown on a return for each month (or a fraction thereof) for which there is a failure to file the return, not to exceed 25% in toto. Respondent has produced the account transcript for petitioner's 2018 tax year, which shows that petitioner did not file a return for 2018. This was sufficient to satisfy respondent's burden of production. *See Murray v. Commissioner*, T.C. Memo. 2017-67, 113 T.C.M. (CCH) 1314, 1317.

Petitioner has supplied no evidence that he filed a Federal income tax return for 2018. Indeed, by asserting frivolous arguments in support of his assertion that he had no obligation to file such a return, he has

[*6] effectively admitted that he did not do so. He has alleged no facts and produced no evidence showing that his failure was "due to reasonable cause and not due to willful neglect." *See* § 6651(a)(1). We will accordingly sustain the failure-to-file addition to tax of $2,713 determined by the IRS for 2018.

### 2. *Failure to Pay*

Section 6651(a)(2) provides for an addition to tax when a taxpayer fails to pay timely "the amount shown as tax on [a] return" unless the taxpayer proves that his failure was due to reasonable cause and not due to willful neglect. To meet his burden of production under section 7491(c) for this addition to tax, the Commissioner must produce evidence of a tax return. *Wheeler v. Commissioner*, 127 T.C. 200, 208–10 (2006), *aff'd*, 521 F.3d 1289 (10th Cir. 2008); *Gardner v. Commissioner*, T.C. Memo. 2013-67, 105 T.C.M. (CCH) 1433, 1439, *aff'd*, 845 F.3d 971 (9th Cir. 2017). An SFR prepared by the IRS pursuant to section 6020(b) is treated as the "return" filed by the taxpayer for this purpose. *See* § 6651(g).

Petitioner's account transcript for 2018 indicates that the IRS prepared an SFR on his behalf. But respondent did not include, among his proposed trial exhibits, a certified copy of an SFR for 2018. Nor does the record of this case otherwise include a copy of that document. Because respondent has not met his burden of production by producing evidence of a tax return for 2018, we are unable to sustain the addition to tax for failure to timely pay. *See Gardner*, 105 T.C.M. (CCH) at 1439 (holding that the reference in an account transcript to a "substitute tax return prepared by IRS" was insufficient to satisfy the Commissioner's burden of production).

### 3. *Failure to Make Estimated Tax Payments*

Section 6654(a) imposes an addition to tax on an individual who underpays his estimated tax. This addition to tax is calculated with reference to four required installment payments of the taxpayer's estimated tax liability. § 6654(c) and (d). Each required installment is equal to 25% of the "required annual payment." § 6654(d). Where a taxpayer has not filed a return for the current tax year or the immediately preceding tax year, the "required annual payment" is equal to 90% of the tax due for the current year. § 6654(d)(1)(B).

The Commissioner's burden of production under section 7491(c) requires him to produce, for each year for which the addition to tax is

**[\*7]** asserted, evidence that the taxpayer had a "required annual payment" under section 6654(d). To do so, the Commissioner must establish the tax shown on the taxpayer's return for the preceding year or demonstrate that the taxpayer filed no such return. *See Wheeler*, 127 T.C. at 212; *Collins v. Commissioner*, T.C. Memo. 2020-50, 119 T.C.M. (CCH) 1319, 1330.

Respondent did not include among his proposed trial Exhibits a copy of petitioner's Federal income tax return for 2017 or evidence that petitioner failed to file a return for 2017. No information regarding petitioner's 2017 tax year is included in the record of this case. Because respondent has not met his burden of production, we are unable to sustain the addition to tax under section 6654(a).

D.   *Penalty for Maintaining Frivolous Positions*

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty, not in excess of $25,000, "[w]henever it appears to the Tax Court that—(A) proceedings before it have been instituted or maintained . . . primarily for delay, [or] (B) the taxpayer's position in such proceeding is frivolous or groundless." The purpose of section 6673 is to compel taxpayers to conform their conduct to settled tax principles and to deter the waste of judicial and IRS resources. *Coleman v. Commissioner*, 791 F.2d 68, 71–72 (7th Cir. 1986); *Salzer v. Commissioner*, T.C. Memo. 2014-188, 108 T.C.M. (CCH) 284, 287. "Frivolous and groundless claims divert the Court's time, energy, and resources away from more serious claims and increase the needless cost imposed on other litigants . . . ." *Kernan v. Commissioner,* T.C. Memo. 2014-228, 108 T.C.M. (CCH) 503, 512, *aff'd*, 670 F. App'x 944 (9th Cir. 2016).

Petitioner's assertion that the income he concedes having received is not subject to Federal income tax is a frivolous argument. *See May v. Commissioner*, 752 F.2d 1301, 1304 (8th Cir. 1985) (citing *Abrams v. Commissioner*, 82 T.C. 403, 406–07 (1984)); *see also United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993) ("[W]e have held that wages are within the definition of income under the Internal Revenue Code . . . and are subject to taxation."); *Coleman v. Commissioner*, 791 F.2d at 70–71 (same and collecting authorities); *Waltner v. Commissioner,* T.C. Memo. 2014-35 (same), *aff'd,* 659 F. App'x 440 (9th Cir. 2016).

The assertion that wages are not income is a time-worn tax-protester argument. Variations on this theme have been compiled

[*8] by the IRS in The Truth About Frivolous Tax Arguments, a compendium of frivolous positions and the caselaw refuting them. *See* Internal Revenue Serv., The Truth About Frivolous Tax Arguments 9–13 (Mar. 2022), https://www.irs.gov/pub/irs-utl/2022-the-truth-about-frivolous-tax-arguments.pdf. In plain English, this document characterizes as frivolous the arguments that "wages . . . and other compensation received for personal services are not income" and that "there is no taxable gain when a person 'exchanges' labor for money." *See id.* at 10. Although petitioner is not a lawyer, had he made even a modest inquiry using an internet search engine he would have found the copious authorities refuting his stance. *See Wnuck v. Commissioner*, 136 T.C. 498, 504 (2011) ("Anyone with the inclination to do legal research . . . will confront such authorities.").

We warned petitioner at the outset of trial that he was advancing a frivolous argument that had repeatedly been rejected by the courts. He nevertheless adhered to his position, asserting that he intended to take his argument "all the way to the Supreme Court." We will accordingly require that he pay to the United States a penalty of $1,000.

To reflect the foregoing,

*An appropriate order and decision will be entered.*